# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

*Michael DaKota Phillips* ,

Inmate ID Number: *V52627* ,

*(Write your full name and inmate ID number.)*

*Amended #4*

**v.**

*Ricky Dixon* ,

*Gary Hewett* ,

*"See Attached"* ,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No.: 4:23-cv-00286-AW-MAF

*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☑ YES ☐ NO

Legal Mail
Provided to Florida State Prison 95
for mailing by ___

FILED USDC FLND TL
APR 1 '24 PM 2:44

1/33

"Attached"

V.

Chaplin McGill

Sgt. J. St. Hilaire

# I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: _Michael Dakota Phillips_ ID Number: _V52627_

List all other names by which you have been known: _"Ginger" "Ghost"_

_"Red" "D-Red" "Mike" "Dakota"_

Current Institution: _Florida State Prison_

Address: _P.O. Box 800, Raiford, Fl 32083_

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for **each and every** Defendant:

1. Defendant's Name: _Ricky Dixon_

   Official Position: _Secretary_

   Employed at: _Florida Dept. of Corr._

   Mailing Address: _501 S. Calhoun St, Tallahassee, Fl 32399_

   ☐ Sued in Individual Capacity    ☑ Sued in Official Capacity

2. Defendant's Name: _Gary Hewett_

   Official Position: _Warden_

   Employed at: _Wakulla Correctional Institution_

   Mailing Address: _110 Meloleuca Dr, Crawfordville, Fl 32327_

   _____

   ☐ Sued in Individual Capacity      ☑ Sued in Official Capacity

3. Defendant's Name: _McGill_

   Official Position: _Chaplin_

   Employed at: _Wakulla Correctional Institution_

   Mailing Address: _110 Meloleuca Dr, Crawfordville, Fl 32327_

   _____

   ☐ Sued in Individual Capacity      ☑ Sued in Official Capacity

(*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*) "See Attached"

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

"Defendants"

4.) Defendants Name: S. St. Hilaire
    Offical Position: Sgt.
    Employed at: Wakulla Correctional Institution
    Mailing address: 110 Melaleuca Dr, Crawfordville, Fl 32327
    Sued in individual and offical capacity

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)    ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

☑ Convicted State Prisoner    ☐ Convicted Federal Prisoner

☐ Immigration Detainee        ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1.) Plaintiff is incarcerated in FDOC and has been for the last 7 years and was housed in "Oscar" dorm 03,02 at Wakulla CI.

2.) Warden Hewett etel, were counseled at cell-front on 2.21.23 about staff and policies in conflict with religious practices such as wearing "99" tasbih beads, growing a fist length beard, and praying outside, Mr. Hewett has "personal involvement" where he had the power to cure or quit the alleged infringement(s).

3.) Warden Hewett, Chaplin McGill, were told that it is a practice and custom of Muslims to wear "99" Tasbih Dhikr beads around our necks for the purpose of supplication and remembrance of our Creator, and that when we smell the oil(s) on them we are reminded of our duty to supplicate to our Creator.

4.) Gary Hewett said that he believed that we were not allowed to wear our beads around our necks and that he will look into it.

5.) Gary Hewett came back on 2.21.23 and while being counseled about Religious rights he got aggervated and told all staff present that if they seen my prayer beads around my neck to take them. All discussions

ended after this and he and all staff walked away from my cell front, all was to no avail.

6.) FDOC offical policy allows the wearing of chains/Medallions around our necks, however mentions nothing about prayer beads.

7.) Staff W. Ratliff, J. Arrington took my prayer beads on 2.25.23 While W. Ratliff was walking around for "count" he told me to give him my beads, I told him to get the Lt. When Lt. J. Arrington came I relayed to him of our right of custom, wear and use of "99" Tasbih beads. Lt and W. Ratliff said they did not care what custom and practice was that they were told to take my beads if used via around my neck.

8.) Oscar dorm at Wakulla CI is a Mental Health program dorm for providing medical needs to inmates with Mental health diagnosisses.

9.) When my beads were taken I was in acute Mental-emotional disbress and declared a psychological emergency on 2.21.23 at apx 4:00 to Sgt J. St. Hilaire so I may speak with a health care provider about my disbress.

10.) Sgt. J. St. Hilaire in his carelos negligence indifference to his training and my need ignored the psychological emergency and the potential danger

to an inmate by himself or others.

11.) Plaintiff injured himself, fracturing his right hand and was placed into a half-cast for apx 90 days, whereas if he was seen for his psych emergency the situation may-could have deescalated and he would have or could have been placed into/onto SHOS self-harm observation status in a self-harm observation cell to avoid the risk of injury or danger to an inmate.

12.) I counseled Hewett, McGill, etal about the religious requirement to pray outside specifically on our holiday Eid al-Fitr by showing proof via religious literature, all staff said they did not know about this but would look into it.

13.) Lt. K. Dodson said when he contacted-followed-up with McGill about this issue McGill stated that it was not a requirement to pray outside "Musallaa".

14.) It is not a policy and there is a lack of DOC policy concerning Muslims rights to pray outside, wear prayer beads etal rights.

15.) After staff denied request and restricted rights to pray outside the issue was grieved

16.) Responding staff stated that the rug could be used to defeat a security device, which is absurd because inmates are searched, escorted, placed into a confined enclosure and under direct supervision the whole time.

17.) I counseled Hewett et al who walked by my cell-front about FDOC Policy against growing and maintaining a fist-length beard.

18.) Nearly all staff who were asked (respectfully) for permission for a religious exemption pass to grow a fist-length merely stated that "We go by Policy" others who answered this request such as Hewett, Comerford, Weirick, Dodson, Arrington, stated that policy does not allow it and that I must grieve this issue.

19.) Once the issue was grieved the answering staff quoted inmates grooming Policy FAC 33-601.101 which states a half inch beard.

20.) When I told Hewett, Comerford, Weirick, Dodson, Arrington, et al about this response they nearly stated the issue was above their pay-grade.

21.) Secretary Ricky Dixon enforces a policy 33-601.101 (cannot inmates) that is in direct conflict with Muslims religious right(s) and customs to grow and maintain a fist length beard however offers other inmates a similar right or exemption from the policy such as transgenders who are allowed to grow and maintain 9+ inch hair.

22.) All staff/official's mentioned are working, acting under the color of

State law, custom or usage.

23) The afore mentioned officials rejection of Muslim(s) practice(s) and or the adoption of rules or regulations that are contrary to practices and customs while affording others the same or similar rights is a violation of my 1st and 14th Amendment rights.

24) Staff are required to protect the civil and legal rights of all individuals, id, American correctional Association code of Ethics.

25) The religious beliefs and moral precepts of prisoners shall be respected. Id, Rule 2(1.) United Nations standard Minimum Rules for the Treatment of Prisoners (the Nelson Mandela Rules).

26.) Officials, Hewett, McGill, enforcing the unofficial Policy restricting Praying outside with rug use are liable for failing to make policy(s) or to take action to prevent predictable violations within their areas of responsibility.

27) Officials Hewett, McGill, enforcing the unofficial policy restricting the wearing and use of prayer beads are liable for failing to make policy(s) or to take action to prevent violations within their area of responsibility.

**Statement of Facts Continued** *(Page 5 of 5 )*

28) Officials Ricky Dixon, Hewett, etel are enforcing a Policy restricting the growth of a fist length beard and are liable for failing to make policy(s) or to take action to prevent the predictable violations of rights within their areas of responsibility in re the equal protect protection violation claim(s) arrising from an injunction (previously) of this District Court see, Durrell Sims v. Mark Inch case No. 4:16cv49-RH-CAS.

29) Inmates do not create policy(s), they however may grieve issues of concern, petition the court for a redress for violation(s) of rights and invoke the jurisdiction of Administrational authorities to create or amend policy(s), rule(s), practice(s), and procedure(s).

30) Just because inmates are incarcerated does not mean that they lose their citizenship or out of the supervision and rights guaranteeded by the constitution including the right to petition the government for a redress of grievance(s).

31) Therefore this Court has jurisdiction to grant relief.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

All defendants have and continue to participate in the violation of the 8th Amendment Deliberate indifference or mere negligence (carelessness), Ricky Dixon, Gary Hewett, McGill, have and continue to participate in the violation of the 1st Amendment Freedom of Religion Practice thereof, and Ricky Dixon, Gary Hewett, have and continue to violate the 14th Amendment Due Process Equal protection clause.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

Wherefore the plaintiff request and plea that this Honorable court grant the following relief

"See Attached"

## Relief Requested

### I. Prayer Rug at Recreation

(a) Issue an injunction enjoining FDOC, staff, and all other persons acting in concert and participation with them from intringing on Plaintiff(s) First Amendment "practice thereof" right to pray at specific times with prayer rugs at recreation utilizing the RLUIPA.

(b) Issue a declatory statement stating that the Departments official policy, long with standing, wide spread practice, custom or lack of violates the Federal rights of Plaintiff(s).

(c) Issue an order for Rule making Authority so the Department may adopt official policy, practice, or customs that do not intringe on Plaintiff(s) Right(s)

(d) Issue an order to the Department to file a declatory statement on why Plaintiff(s) should not be granted relief.

*Relief Requested "Cont"*

## II. Wearing "99" Tasbih, Tasbieh Beads

(a) Issue an injunction enjoining FDOC, Staff, and all other persons, acting in concert and participation with them from infringing on plaintiff(s) First Amendment "Practice thereof" right to wear "99" Tasbih, Tasbieh beads around their necks.

(b) Issue a declatory statement stating that the Departments official policy, longwithstanding wide spread practice, custom or lack of violates the Federal right(s) of Plaintiff(s).

(c) Issue an order for Rulemaking Authority so the Department may adopt official policy, Practice, or customs that do not infringe on Plaintiff(s) Right(s).

(d) Issue an order to the Department to file a declatory statement on why Plaintiff(s) should not be granted relief.

Relief Requested "Cont"

III. Fist length beard

(a) Issue an injunction enjoining FDOC, staff, and all other persons acting in concert and participation with them from infringing on Plaintiff(s) First Amendment "Practice thereof" right to grow a fist length 3-4 inch beard.

(b) Issue a declatory statement stating that the Departments official policy, long withstanding, widespread practice, custom or lack of violates the Federal rights of Plaintiff(s).

(c) Issue an order for Rulemaking Authority so the Department may adopt official policy, practice, or customs that do not infringe on Plaintiff(s) Right(s)

(d) Issue an order to the Department to file a declatory statement, on why Plaintiff(s) should not be granted relief.

## Relief Requested "Cont"

(1.) Award Punitive damages Jointly against all defendants in the amount of 100,000.00 for the malicious, oppressive, and reckless disregard to plaintiff(s) right(s).

(2.) Award Nominal damages of 1.00.

(3.) Reinstatement of legal fees, postal lien, cost of litigation, in to to.

---

## Note:

The "Awarded" Monetary Punitive damages shall be assigned in accordance with the Mental and Emotional injury(s) sustained from the "Meriti" of this complaint/Petition, its litigation Utilizing
(Hoever V. Mack, 11 Cir DCA 993 F.3d 1353 (2021))

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII. PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☐ YES  ☑NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date:_____Case #: _____

   Court: _____

   Reason: _____

2. Date:_____Case #: _____

   Court: _____

   Reason: _____

3. Date:_____Case #: _____

   Court: _____

   Reason: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing

with the same facts or issue involved in this case?

☐ YES ☑ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

2. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

*(If necessary, list additional cases on an attached page)*

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in

   ***state or federal court*** either challenging your conviction or relating to

   the conditions of your confinement?.

   ☑ YES ☐ NO

   If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: _6:23cv477CEM-LHP_ Parties: _State of Florida_

   Court: _Middle District_ Judge: _Carlos E Mendoza_

   Date Filed: _3/9/23_ Dismissal Date (*if not pending*): _N/A_

   Reason: _Exhaustion of Available Remedys_

2. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

3. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

4. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

5. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

6. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

   **(*Attach additional pages as necessary to list all cases.*)**


# IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.


2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there

   is any change to my mailing address and that my failure to do so may result

   in a dismissal of the action.

Date: 3.27.24  Plaintiff's Signature: _Phillips Michael_

Printed Name of Plaintiff: _Michael Dakota Phillips_

Correctional Institution: _Florida State Prison_

Address: _P.O. Box 800_

_Raiford, Florida 32083_

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*)** ☑ **delivered to prison officials for mailing or** ☐ **deposited in**

**the prison's mail system for mailing on the** _27_ **day of** _March_ **, 20** _24_.

Signature of Incarcerated Plaintiff: _Phillips Michael_

Michael Dakota Phillips V52677
Florida State Prison
P.o. Box 800
Raiford, Florida 32083

LEGAL MAIL

United St

Northern I

111 North Adams

Tallahassee, Flo

Mailed From A State
Correctional Institution



US POSTAGE ~PITNEY BOWES

ZIP 32083 $ 003.31⁰
02 4W
0000365900 MAR 28 2024

ates District Court

District

CHECKED APR 0 1 2024

Street, suite 322

rida 32301-7717