IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MICHAEL DAKOTA PHILLIPS,**

    **Plaintiff,**

v.                                          Case No. 4:23-cv-286-AW-MAF

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

## ORDER GRANTING MOTIONS TO DISMISS

There are four Defendants. The court recently granted a motion dismiss as to one (St. Hilaire). ECF No. 78. The other three have pending motions to dismiss. Defendants Dixon and Hewett filed one motion to dismiss. ECF No. 63. Plaintiff did not timely respond, and the magistrate judge issued a report and recommendation concluding the motion should be granted. ECF No. 76. (Plaintiff filed no objection to the report and recommendation.) Defendant McGill filed a separate motion to dismiss. ECF No. 72. Plaintiff did not timely respond to that one either. The magistrate judge has not issued a report and recommendation on that one, but I have withdrawn the reference and will proceed now to address both motions.

For the reasons set out below, I agree that the Dixon and Hewett motion—which seeks only partial dismissal—should be granted. I also conclude McGill's motion—which presents essentially the same arguments—should be granted.

1

1.   The motion and the report and recommendation adequately set out the standard for a Rule 12(b) motion to dismiss.

2.   There is no RLUIPA claim pleaded. The Dixon and Hewett motion correctly notes Plaintiff based his § 1983 claims on the First, Eighth, and Fourteenth Amendments. The motion then says, "Plaintiff may also be attempting to sue under [RLUIPA]." ECF No. 63 at 2. The magistrate judge, for his part, says "[t]his is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 and [RLUIPA]." ECF No. 76 at 1; *see also id.* at 6 ("While not clearly specified within the 'claim' portion of the complaint form, Plaintiff's requests for relief indicate he also seeks to present his religious claims under 'the RLUIPA.'" (quoting ECF 24, the operative complaint). The operative complaint (the Fifth Amended) says clearly that the claims are based on the First, Fourteenth, and Eighth Amendments. ECF No. 24 at 13. That the pro se Plaintiff referred once to RLUIPA in his prayer for relief is not sufficient to plead a RLUIPA claim. This case will proceed without a RLUIPA claim. If Plaintiff wishes otherwise, he may file a motion for leave to amend.

3.   Plaintiff has not stated any Eighth Amendment claim. In his statement of claims, he says Defendants "participate[d] in the violation of the 8th Amendment Deliberate indifference of mere negligence (carelessness)." ECF No. 24 at 13. It is unclear what this means. But it is clear that Plaintiff has not alleged any factual allegations that would show deliberate indifference. *See Farmer v. Brennan*, 511

U.S. 825, 834 (1994) (explaining that "to violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind" and that "in prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety" (cleaned up)).

4. Plaintiff has not stated any Equal Protection or Due Process claim. As Defendants correctly argue, Plaintiff has not alleged any facts that would plausibly support either claim. It is unclear what Plaintiff even bases these claims on. And, again, Plaintiff chose not to respond to the motion to dismiss.

5. Plaintiff's claim for damages is barred by the Eleventh Amendment. Plaintiff sued Dixon, Hewett, and McGill in their official capacities. The claims against these Defendants are thus essentially claims against the State. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). And the State is generally immune from suit in federal court. *Id.* at 169. The *Ex parte Young* exception allows official-capacity suits against State officers for prospective relief. *Graham*, 473 U.S. at 169 n.18. But any claim for damages is barred here.

6. Dixon and Hewett's motion to dismiss does not challenge the First Amendment claim against Dixon to the extent it seeks prospective relief. As to Hewett and McGill, though, the motions say Plaintiff lacks standing and his claim is moot. ECF No. 63 at 10, 16; ECF No. 72 at 8, 13. I cannot agree. Again, because

3

Hewett and McGill are sued in their official capacities, the suit is really against the entity they represent—DOC. The same is true as to Dixon. Thus, to the extent there is standing to sue Dixon (i.e., the DOC), there is equal standing to sue Hewett and McGill (i.e., the DOC). Ditto for the mootness analysis. I agree with Defendants, though, that the claims are redundant. As I noted earlier in the case, "Plaintiff has in effect sued the Department of Corrections three times over." ECF No. 70 at 1. There was no point in this. Claims against the redundant Defendants will be dismissed. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

## CONCLUSION

The motions to dismiss (ECF No. 63 and 72) are GRANTED. Plaintiff's Eighth Amendment, Equal Protection, and Due Process claims are dismissed for failure to state a claim. Plaintiff's First Amendment claim for damages is dismissed based on Eleventh Amendment immunity. Plaintiff's First Amendment claims for prospective relief against Hewett and McGill are dismissed as redundant. Plaintiff's First Amendment claim for prospective relief against Dixon—which Defendants did not challenge—survives for now. The report and recommendation (ECF No. 76) is approved to the extent consistent with this order.

SO ORDERED on March 5, 2025.

s/ *Allen Winsor*
United States District Judge